## TERRILL et al. *v.* VAN BIBBER.

A party cannot recover in an action instituted here on a judgment rendered in another State, unless the transcript shows the foreign proceedings to have been clothed with the forms necessary to a valid judgment in the place where it was rendered. Thus where such a judgment purports to have been rendered by confession, but it is left doubtful whether the confession was made by the attorney, or by the defendant, and there is no writ, citation, declaration or complaint upon which the court was to pronounce, or the defendant confess, no effect can be given to the judgment here.

APPEAL from the District Court of Caddo, *Taylor,* J. *Crain* and *Jones,* for the plaintiffs. *Lawson,* for the appellant. The judgment of the court was pronounced by

EUSTIS, C. J. This action is brought on a judgment alleged to have been rendered on confession, in the Circuit Court for Mobile county, in the year 1840, against one of the defendants, *Henry Van Bibber,* for the sum of $1875, and costs, subject to a credit of $50. There was judgment rendered, after a verdict, for the plaintiff, and the defendant has appealed.

The transcript of the record on which the plaintiff has brought his action contains the following entries: " Pleas before the *Hon. B. F. Porter,* judge of the 10th judicial Circuit Court of the State of Alabama, at a term thereof began and held in and for the county of Mobile, on the third monday of April, 1840.

"And on the 29th day of April, 1840, being a day of said spring term, 1840. The following judgment was entered up. to wit:

"*Andrew J. Terrill* and *Thomas P. Mitchell* v. *Andrew J. Terrill.* This day came the parties by their attornies, and the said defendant confesses judgment. Judgment in favor of the said plaintiff, for the sum of $1875. It is therefore considered by the court that the plaintiffs recover against the said defendant, the said sum of $1875, the amount confessed as aforesaid, together with their costs, by them about suit, in this behalf expended.

" And on the 29th of October, 1843, the following judgment, *nunc pro tunc,* was, on a motion before the court, entered up, to wit: *John Bragg,* judge presiding.

" *Andrew J. Terrill* and *Thomas P. Mitchell* v. *Henry Van Bibber.* This day, the parties by their attornies, and the said defendant confesses judgment in favor of said plaintiff in the sum of $1875. It is therefore considered by the court that the plaintiffs recover against the defendant, *Henry Van Bibber,* the sum of $1875, the amount confessed aforesaid, together with the costs in this behalf expended; and this judgment is entered as of the 29th day of April, 1840. It appearing to the satisfaction of the court, that there was a clerical error in the entry of the former judgment."

A judgment is considered by the courts of common law, to be, the sentence of the law pronounced by the court upon the matter contained in the record. A judgment by confession is rendered when, instead of entering a plea, the defendant chooses to confess the action; or, after pleading, he does at any time before trial, both confess the action and withdraw his plea or other allegations: the judgment against him in these two cases is called a judgment by confession,

<div style="text-align: right; float: right;">Terrill<br>v.<br>Van Bibber.</div>

or by confession *relictâ verificatione.* Stephens on Pleading, 130. Bouvier's Law Dictionary and Jacobs' Dict. *verbo* Judgment. Admitting that we are bound to give full faith and credit to the judicial proceedings of other States, it would lead to the most dangerous consequences, if, before we give effect to judgments rendered in other States, we did not require that they should be clothed with those forms which are necessary for their validity. We have not been favored with the decision of any court in Alabama, in which a decree of a court of a character which this record discloses, has ever been recognized as a final judgment, which would be admitted as the basis of an action against the defendant.

Overlooking the discrepancy in the names of the parties appearing as defendant, the distance of time—three years and upwards before the error was corrected, which there is nothing but the above entries in the record to explain, we are bound to notice a defect which appears to us to be fatal.

There is nothing established by the record except the identity of parties and the acknowledgment of the debt, and it is left doubtful whether it was made by the attorney, who is not named, or the defendant himself.

There is with the judgment no writ, no citation, no declaration, no complaint, which the court was to pronounce upon, or the defendant confess. It would not give him that protection, which a party to judicial proceedings has a right to have secured to him on satisfying the judgment of the court.

Called upon as we are, to pass upon the judicial proceedings of other States, without having the benefit often times of authorities as to the different points raised, we feel bound to stand by the ancient land marks of the law, and to recognize as final judgments only those which are clothed with the forms which the law itself has required them to be invested with, for the security of parties, and the regular and efficient administration of justice.

We do not feel ourselves authorized, in considering the instrument offered in evidence as containing a judgment under the laws of the State in which it was rendered, as we are at present advised.

The judgment of the District Court is, therefore, reversed; and judgment is rendered against the plaintiffs, as in case of non-suit, with costs in both courts.